**Lance A. LeFever** (Oregon Bar No. 993098)
Email:  llefever@thorp-purdy.com
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
1011 Harlow Road, Suite 300
Springfield, OR  97477
Telephone:      (541) 747-3354
Facsimile:      (541) 747-3367
         of Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MONIQUE DE BOER** and **JON FLEGEL**, in their capacities as the **COLLECTION COMMITTEE OF THE SOUTHERN OREGON IBEW-NECA ELECTRICAL WORKERS AUDIT COMMITTEE**, and **BRIAN KILLIAN**, in their collective capacities as fiduciaries and/or designated collection agents for the: **CASCADE PENSION TRUST, HARRISON ELECTRICAL WORKERS TRUST FUND, NATIONAL ELECTRICAL BENEFIT FUND, CRATER LAKE INSIDE JOINT APPRENTICESHIP AND TRAINING TRUST, LOCAL 659 LABOR MANAGEMENT COOPERATION FUND, NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION FUND, ELECTRICAL INDUSTRY ADMINISTRATIVE MAINTENANCE FUND OF THE OREGON-PACIFIC-CASCADE CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 659,** and **OREGON-PACIFIC-CASCADE CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION,** | Case No. 1:19-CV-01729 <br><br> **COMPLAINT** <br><br> ERISA Action (29 U.S.C. § 1132); LMRA Action (29 U.S.C. § 185) |

Plaintiffs,

vs.

**DAY ELECTRIC, INC**.,

Defendant.

## **PARTIES**

1.

Plaintiffs Cascade Pension Trust, Harrison Electrical Workers Trust Fund ("Harrison"), National Electrical Benefit Fund ("NEBF"), and the Crater Lake Inside Joint Apprenticeship and Training Trust (collectively, the "Trust Funds") are employee benefit plans and multiemployer plans as those terms are defined in Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3), (37), and each is managed by a board of trustees comprised of equal representation by management and labor representatives.

2.

Plaintiffs Oregon-Pacific-Cascade Chapter, National Electrical Contractors Association, International Brotherhood of Electrical Workers, Local Union No. 659 (the "Local"), Local 659 Labor Management Cooperation Fund, NECA-IBEW National Labor-Management Cooperation Fund, and the Electrical Industry Administrative Maintenance Fund of the Oregon-Pacific-Cascade Chapter, National Electrical Contractors Association, (collectively with the Trust Funds, the "Funds") are, respectively, an Oregon nonprofit corporation, a labor organization, and other funds established and/or benefitted by employer contributions and/or employee wage withholdings under one or more collective bargaining agreements (the "CBA") in the jurisdiction of the Local.

/ / /

**Complaint**                                                                 **Page  2**

3.

Plaintiff Southern Oregon IBEW-NECA Electrical Workers Audit Committee, acting by and through its Collection Committee comprised of Plaintiffs Monique de Boer and Jon Flegel (collectively, "Collection Committee"), was and is the designated collection agent for employee benefit plan contributions and wage withholdings for all the Funds, and authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or withheld from their employees' wages in the jurisdiction of the Local except for the NEBF.  Collection Committee is a fiduciary, as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), to all the Trust Funds except the NEBF.

4.

Plaintiff Brian Killian ("Killian" and, with Collection Committee, the "Fiduciaries") was and is a functional fiduciary, as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), to the NEBF.

5.

Defendant Day Electric, Inc. is an Oregon business corporation.

**JURISDICTION AND VENUE**

6.

The Court has jurisdiction of this suit under:

a.      Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145; and

b.      Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

7.

Venue in the Medford Division of the United States District Court for the District of Oregon is proper under 28 U.S.C. § 1391 because:

**Complaint**                                                                 **Page  3**

a.     Defendant has a principal place of business in Medford, Jackson County, Oregon;

b.     A substantial part of the events or omissions giving rise to the claim occurred, or property which is the subject of this action is located, in Jackson County, Oregon;

c.     Defendant may be found, or has sufficient minimum contacts to be subject to personal jurisdiction, in Jackson County, Oregon.

## FIRST CLAIM FOR RELIEF

8.

Plaintiffs reallege paragraphs 1 – 7.

9.

Defendant is, and was at all material times, party to one or more CBA with the Local. Under such CBA, Defendant is bound by the terms of the trust agreements establishing Trust Funds and under which Trust Funds operate, and the policies and procedures agreed upon by all the Trust Funds.

10.

Pursuant to the trust agreements and CBA, Defendant is required by the 15th of each month to submit written reports to the Plaintiffs indicating hours worked in the prior month by Defendant's employees who are covered by said agreements.  Defendant is also required under such agreements to remit payments to Plaintiffs in order to provide benefits under said agreements to Defendant's employees who are covered.  One or more of Defendant's employees performed work for which reports were due or payments required, but Defendant failed to timely submit said reports and/or remit the contributions to the Plaintiffs, for work performed in the Local's jurisdiction for the month of September 2019 (inside and material handler reports).

11.

Pursuant to the CBA, trust agreements, and Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii), Defendant's failure to timely submit the written reports, or remit

**Complaint**                                                                                                    **Page 4**

contributions, there is due and owning from Defendant to each Trust Fund and their Fiduciaries liquidated damages up to 20% of the unfunded contributions associated with each report, and in each month, described in the foregoing Paragraph 10.

12.

Under the terms of the CBA and trust agreements, the delinquent contributions for each month and report described in the foregoing Paragraph 10 accrue interest due to Plaintiffs at the annual rate of 10 percent, compounded monthly, commencing in the month in which the contributions were due and continuing until paid in full. Such interest rate applies pre- and post-judgment.

13.

Defendant owes the Plaintiffs $21,898.60 in contributions, plus interest on unpaid contributions at the rate described in the foregoing Paragraph 12, plus $3,908.87 in liquidated damages for the failure to timely submit the written reports and payments described above.

14.

Plaintiffs have made written demand upon Defendant for payment of contributions, liquidated damages and interest. Defendant has failed and refused to pay any of said sums owing.

15.

Plaintiffs have had to employ an attorney to represent them herein and have and will incur reasonable attorney fees in prosecuting Plaintiffs' claim. Pursuant to the CBA, trust agreements and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), Plaintiffs are entitled to recover their reasonable attorney fees incurred herein.

WHEREFORE, Plaintiffs pray for a decree as follows:

1.    Entering judgment for Plaintiffs and against Defendant for:

a.      $21,898.60 in unfunded contributions; plus

b.      Interest on the foregoing contributions at the rate of 10% compounded monthly, from the month of October 2019 until the month paid in full (pre- and post-judgment); plus

c.      $3,908.87 in liquidated damages; plus

d.      Plaintiffs' reasonable attorney fees, expenses and costs and disbursements incurred herein, plus post-judgment interest thereon at the foregoing rate; and

2.      Enjoining Defendant from failure to make any further contributions or submit any written reports when due to any Plaintiff.

Dated October 29, 2019.

THORP, PURDY, JEWETT,
URNESS & WILKINSON, P.C.


By:    s/Lance A. LeFever
       **LANCE A. LEFEVER**
       OSB# 993098
       (541) 747-3354
       **of Attorneys for all Plaintiffs**